IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CR-13-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RONALD DOERRER | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on pro se defendant's motions to quash a subpoena for testimony from Barbara Doerrer, defendant's wife and attorney-in-fact (DE 55), and to quash a subpoena for production of documents from certain business entities having financial relationships with defendant. (DE 57). Defendant argues compliance with the subpoenas would cause Barbara Doerrer an undue burden due to her being disabled, that the government should not be able to employ civil discovery tools in a closed criminal matter, and that subpoena of financial documents is unnecessary where he is obligated to pay only installment payments instead of full restitution while imprisoned. The government responds that defendant lacks standing to challenge the subpoenas, and alternatively, that his arguments are without merit.

"Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." In re Grand Jury Subpoena John Doe, No. 05GJ1318, 584 F.3d 175, 184 n.14 (4th Cir. 2007) (quotations omitted); see United States v. Idema, 118 F. App'x 740, 744 (4th Cir. 2005). In particular, "a party has no standing to challenge a subpoena issued to his or her bank

seeking discovery of financial records because bank records are the business records of the bank, in which the party has no personal right." United States v. Gordon, 247 F.R.D. 509, 510 (E.D.N.C. 2007) (citing United States v. Miller, 425 U.S. 435, 442 (1976)). Here, defendant claims no personal right or privilege in the financial records sought by the subpoenas served upon Barbara Doerrer and the third party entities. Where defendant lacks standing to move to quash the subpoenas, both motions must fail. See id.

Moreover, defendant's motions to quash lack merit. Defendant's argument that payments are due only in installments while he is imprisoned is unavailing where the court ordered that upon judgment, "[p]ayment of restitution shall be due and payable in full immediately." (DE 35, 6). "The fact that the Court allowed any remaining balance owed to be paid over time . . . through installments . . . does not preclude the government from immediately collecting restitution from non-exempt assets." United States v. Blondeau, No. 5:09-CR-117-H, 2011 WL 6000499, at *4 (E.D.N.C. Nov. 1, 2011), adopted by 2011 WL 6001281 (E.D.N.C. Nov. 30, 2011).

In seeking enforcement of the judgment requiring payment of full restitution, the government's use of the civil discovery process to investigate the current state of defendant's assets is proper. See 18 U.S.C. §§ 3612(c), 3613(a), 3015(a) ("[T]he United States may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt."); see also United States v. Woods, No. 5:05-CR-131-FL, 2009 WL 8755602, at *2 (E.D.N.C. Dec. 28, 2009) ("The government may continue to use the tools of civil discovery through the criminal docket to collect restitution," where "[t]he court found no principled basis to preclude the government from seeking to enforce the

2

restitution order . . . in the same criminal case in which it was originally imposed.") (internal quotations omitted).

Finally, defendant fails to provide any evidentiary support for his argument that the subpoena subjects Barbara Doerrer to an undue burden under Rule 45(d)(3)(A)(iv) of the Federal Rules of Civil Procedure. Therefore, where defendant lacks standing to challenge the subpoenas, and where defendant's arguments are without merit, the court DENIES defendant's motions to quash the subpoenas. (DE 55, 57).

SO ORDERED, this the 18th day of March, 2016.

*(signature)*

LOUISE W. FLANAGAN
United States District Judge